**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS JACKSON,

Defendant - Appellant.

No. 20-3050
(D.C. No. 2:05-CR-20018-JWL-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **LUCERO, BACHARACH,** and **MORITZ**, Circuit Judges.

_____

Mr. Carlos Jackson appeals the denial of his motion to reduce his sentence under the First Step Act of 2018. We affirm.

Mr. Jackson pleaded guilty to two counts: (1) conspiracy to manufacture, to possess with intent to distribute, and to distribute 280 grams or more of a mixture containing cocaine base, 21 U.S.C.

---

[*] We conclude that oral argument would not materially help us in deciding the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). So we have decided the appeal based on the record and the parties' briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

§§ 841(a)(1), 841(b)(1)(A), and 846, and (2) unlawful use of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c). The two counts triggered mandatory minimum sentences of ten years and five years, and the court imposed the mandatory minimum sentences for both counts.

Mr. Jackson moved for a sentence reduction under the First Step Act. This Act permits the sentencing court to reduce a sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). But Mr. Jackson was sentenced in 2013. At that time, sections 2 and 3 of the Fair Sentencing Act of 2010 were already in effect. So Mr. Jackson has already received the benefit of sections 2 and 3.

He was given ten years and five years in prison because the district court had no authority to impose a shorter prison term; these were the mandatory minimum terms of imprisonment. As we said in Mr. Jackson's prior appeal, "federal courts are powerless to decrease [a] sentence below the statutory mandatory minimum." *United States v. Jackson*, 787 Fed. Appx. 543, 545 n.2 (10th Cir. 2019); *see* U.S.S.G. § 5G1.1(c)(2). Given our inability to decrease the sentence below the statutory mandatory

2

minimum, we affirm the denial of Mr. Jackson's motion to reduce the sentence.

Entered for the Court


Robert E. Bacharach
Circuit Judge